IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

  Plaintiff,

  v.         CRIMINAL NO. 1:18-CR-55-5

BONNIE JO KORZUN,

  Defendant.

---

BONNIE JO KORZUN,

  Petitioner,

  v.         CIVIL NO. 1:20-CV-79

UNITED STATES OF AMERICA,

  Respondent.

---

## ORDER ADOPTING REPORT AND RECOMMENDATION
## REGARDING 28 U.S.C. § 2255 PETITION

On April 30, 2020, Bonnie Jo Korzun ("Korzun") filed a pro se motion under 28 U.S.C. § 2255 to vacate, set aside, or correct her sentence. See ECF No. 1, Civil Action No. 1:20-CV-79; ECF No. 272, Criminal Action No. 1:18-CR-55-5. On April 1, 2022, the Magistrate Judge entered a Report and Recommendation ("R&R"), recommending that the Court deny and dismiss the motion.

The R&R informed the parties that they had fourteen (14) days from the date of service of the R&R to file "specific written objections, identifying the portions of the Report and

**BONNIE JO KORZUN**                    **1:18-CR-55-5, 1:20-CV-79**

### ORDER ADOPTING REPORT AND RECOMMENDATION
### REGARDING 28 U.S.C. § 2255 PETITION

Recommendation to which objection is made, and the basis of such objection." It further warned them that the "[f]ailure to timely file written objections . . . shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals." Korzun accepted service of the R&R on April 6, 2022. To date, no objections have been filed.

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations" to which there are no objections. Dellarcirprete v. Gutierrez, 479 F. Supp. 2d 600, 603–04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold portions of a recommendation to which no objection has been made unless they are clearly erroneous. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Because no party has objected, the Court is under no obligation to conduct a de novo review. Accordingly, the Court reviewed the R&R for clear error. Upon careful review, and finding no clear error, the Court **ADOPTS** the R&R [ECF No. 404, 1:18-CR-55-5; ECF No. 12, 1:20-CV-79]. Korzun's motion is **DENIED** and **DISMISSED WITH PREJUDICE** [ECF No. 272, 1:18-CR-55-5; ECF No. 1, 1:20-CV-79].

BONNIE JO KORZUN                          1:18-CR-55-5, 1:20-CV-79

### ORDER ADOPTING REPORT AND RECOMMENDATION
### REGARDING 28 U.S.C. § 2255 PETITION

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If the Court denies the certificate, "a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Id. The Court finds it inappropriate to issue a certificate of appealability in this matter because Korzun has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). The Court, therefore, **DENIES** issuing a certificate of appealability.

It is so **ORDERED.**

The Clerk is directed to enter a separate judgment order in favor of the United States in Civil Action Number 1:20-CV-79; to transmit a copy of this Order to Korzun via certified mail, return receipt requested; to transmit a copy of this Order to counsel of record by electronic means; and to strike Civil Action Number 1:20-CV-79 from the Court's active docket.

DATED: April 27, 2022

_Tom S Kleeh_
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA

3